UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LAWRANCE GETTY, et al., | No. 2:17-cv-02464-KJM-GGH |
| Plaintiffs, | |
| v. | ORDER |
| DEPT. OF TREASURY, et al., | |
| Defendants. | |

*INTRODUCTION AND PROCEDURAL HISTORY*

Plaintiffs Paul Lawrance and Julie Ann Getty, both pro se, filed their complaint against the Department of the Treasury and Steven Mnuchin, Secretary of Treasury, alleging that these defendants acted to prevent the plaintiffs from making a contribution to the campaign of Jerry McNerney's campaign for Congress in violation of their First Amendment right to free speech. ECF No. 1 at 6.[1]

Defendants have filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, ECF 12, and Rule 8 for failure to provide a short and plain statement of the claim showing that the pleader is entitled to relief. ECF No. 12. Plaintiffs have filed an Opposition to the Motion. ECF No. 15, and defendants have filed a Reply Memorandum.

---

[1] The actual allegation is that Mr. McNerney "was unable to accept a campaign donation" offered by plaintiffs due to an unjust and unfair trust law. Id.

1

ECF No. 16. The matter was originally noticed for hearing on this court's February 15, 2018 calendar, but was vacated and taken under submission. ECF No. 18.

Plaintiffs assert jurisdiction under U.S.C. section 1331 which establishes jurisdiction in this court for all matters that arise under the Constitution and laws of the United States. Insofar as their predicate claim is based on the First Amendment to the federal Constitution they have stated the ground for jurisdiction.[2] The matter is now ripe for decision.

*LEGAL STANDARDS*

　　A. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199–1200 (9th Cir.2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under the cognizable theory stated. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir.2001). Thus, in reviewing a Rule 12(b)(6) motion, the Court will only ascertain whether the nonmoving party has sufficiently alleged claims that would entitle him or her to relief. Jackson v. Carey, 353 F.3d 750, 756 (9th Cir.2003). In doing so, the Court assumes the truth of all factual allegations and construes factual allegations in the light most favorable to the nonmoving party. See Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir.2002).

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" rather it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). "The pleading must contain something more ... than... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[2] Plaintiffs also raised 28 U.S.C. section 1332 which vests jurisdiction in this court if the plaintiffs and defendants are each citizens of different states. That statute does not apply when officers of the United States in their official capacity are being sued. See also 28 U.S.C. sections 1343 (a)(4), 1361.

U.S. 662, 678 (2009) *quoting* Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). It is also true, however, that the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), *amended o.g.*, 275 F.3d 1187 (2001). Thus a pro se complaint may only be dismissed without opportunity to amend "'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) *quoting* Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

B. *FEDERAL RULE OF CIVIL PROCEDURE 8*

Federal Rule of Civil Procedure 8 states the general pleading standard in federal courts. This Rule calls for three basic elements that must be included in the initial pleading:

(1) A short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8 requires "sufficient allegations to put defendants fairy on notice of the claims against them" McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). In other words, the complaint should set forth "who is being sued, for what relief, and on what theory, with enough

3

1 | detail to guide discovery. Thus "[a] complaint that fails to state the specific acts of defendant that violated plaintiff's rights fails to meet the requirements of Rule 8(a)(2)." Cotton v. Silverman, 1994 WL 124734 at *2 (N.D.Cal. 1994).

*DISCUSSION*

In various parts of plaintiffs' complaint the following potential bases for their entitlement to relief are included: (1) 1st Amendment, Citizens United v. FEC, ECF 1 at 5; (2) 5th Amendment, Bowling v. Sharpe (1954), id.;[3] (3) overturning of the FEC in favor of free speech (2010), id.; (4) an unidentified unjust and unfair and unfair trust law, id. at 6; (5) withholding of an escrow overage to which they were denied access by Ocwen Mortgage Services, Id.;[4] The relief sought is identified as "new law. To be determined by the trial judge." Id. at 11.[5] None of the foregoing elements of the case provide any guidance to the defendants or to the courts as to the basis upon which plaintiffs assert a right to redress or what behaviors by named defendants are at issue.

Plaintiffs' opposition to defendants' Motion to Dismiss appears to attempt to meet the deficiencies in the complaint as described here. With regard to the reference to Citizens United v. FEC, appears to argue that after that decision only corporations and wealthy individuals are fully vested with First Amendment rights, but does not identify the mechanism by which the purported exclusion is operated. ECF No. 15 at 1. There is a reference to bad treatment, perhaps rising to a criminal level, by Ocwen, taken in an effort to keep plaintiffs from seeking a judicial remedy in this court, id. at 2, and accuse Ocwen of violating "U.S.C. 3500.17(F)(2)" of the truth in lending act by withholding funds to which plaintiffs are entitled. Id. at 4. There is no indication in the complaint, however, that plaintiffs seek any redress from Ocwen. If they do so in relation to

---

[3] Presumably plaintiffs are referring to Bolling v. Sharpe, 347 U.S. 497 (1954) which addresses the 5th Amendment but in the racial segregation context so its applicability here or its use to identify the nature of plaintiffs' claims is neither apparent nor discernible.
[4] Ocwen is not identified as a defendant.
[5] To the degree that this plea for this court to make "new law" plaintiffs are seeking to have some action taken that will overturn Citizens United, plaintiffs should be apprised that a District Court, such as this one, has no power to overturn or modify in any respect a decision of the United States Supreme Court but it may, if a case for such action is properly pleaded, interpret the meaning of the case and its impact, or lack thereof, to the plaintiffs' properly pleaded complaint.

purported violation of the Truth in Lending Act plaintiffs may add Ocwen as a defendant and using the instructions given above lay out a case against this party as well as those already identified.

*CONCLUSION*

The pending complaint fails to meet the requirements of both Federal Rules of Civil Procedure 8 and 12(b)(6). Plaintiffs will be given an opportunity to file an amended complaint, captioned as such. This amendment must be structured in a way that it addresses the issues laid out above in a logically organized manner.

In light of the foregoing, IT IS HEREBY ORDERED that,

1. Defendants' Motion to Dismiss is GRANTED;
2. Plaintiffs shall have 45 days of the date of this Order to file an amended complaint if they are able to meet the requirements of the Order or, if appropriate, to dismiss the complaint;
3. Plaintiffs are warned that failure to comply with the terms of this Order will result in the dismissal of their complaint.
4. Plaintiffs' motion for entry of default, ECF No. 19, is vacated as no operative complaint is now pending;
5. ECF No. 12 is resolved.

**IT IS SO ORDERED.**

Dated: March 7, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE