UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LAWRENCE GETTY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>DEPT. OF TREASURY, et al.,<br><br>Defendants. | No. 2:17-cv-02464-KJM-GGH<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs appears in this action pro se and in forma pauperis.

On March 7, 2018 this court issued an Order dismissing plaintiffs' complaint and giving plaintiffs 45 days from the date of the Order to amend in accordance with the instruction provided by the court or to dismiss the case completely. ECF No. 20. The plaintiffs were warned that the failure comply with the terms of the Order would result in the dismissal of their action. On March 26, 2018, plaintiffs filed a Motion for Reconsideration and a letter addressed to the court which the court construes as objections to the magistrate's Order. ECF Nos. 21, 23. In addition plaintiffs also filed a second Motion for Default Judgment on the same date. ECF No. 22.[1]

////

////

---

[1] The magistrate's Order vacated an earlier motion for default judgment on the ground that there was no operative complaint pending. ECF No. 20 at 6:15-17.

1

*DISCUSSION*

*A.    Plaintiff's Motion to Enter Default Judgment*

Federal Rule of Civil Procedure 55 governs the issue of entry of default and rendition of default judgment.

> (a)    Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b)    Entering a Default Judgment.
>
> (1)    (By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

As the Rule discloses, entry of default by the Clerk must precede a motion to enter a default judgment, and the Clerk is limited to such entry by a determination that the defendant has "failed to plead [by way of Answer] or otherwise defend." This is because an "[e]ntry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party." Johnson v. Golden State Supply, 2010 WL 457424 (E.D.Cal. 2010), *citing* Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  Furthermore, "the words 'otherwise defend' [in Rule 55] refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.  When [defendant] Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him. The burden of proof was put on the plaintiff in any trial." Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949).

Because defendants here filed a motion to dismiss, it had succeeded in "otherwise defend[ing]" against plaintiffs' Complaint, and did so successfully.  Thus the Motion to Enter Default Judgment was premature and frivolous.  This court will therefore dismiss the motion as frivolous.

*B.    Dismissal under Federal Rule of Civil Procedure 41(b)*

Federal Rule of Civil Procedure 41(b) permits dismissal of an action based upon a

2

plaintiff's failure to comply with a court's orders upon motion by the opposing party. The United States Supreme Court has held that the reference to dismissal upon the motion of the opposing party does not preclude action by the judge.

> Neither the permissive language of the Rule – which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of the courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.

Link v. Wabash, 370 U.S. 626, 630 (1962). The Court went on to state that neither prior notice nor a hearing is required for the court to exercise its power. Id. at 630-631. Of course in this case the plaintiffs *were* given notice of the potential for this Order were they to disobey the court's rulings.

Plaintiff's refusal to obey this court's orders amounts, in and of itself, as a failure to prosecute. Repetitive motions to enter default judgment, failure to amend in accordance with the courts orders, have the effect of miring this case in a pattern of resistance that prevents any progress toward final resolution.

The Ninth Circuit Court of Appeal has established five factors that bear on the propriety of a court generated dismissal exercising the court's inherent powers in accord with the holding in Link, supra. In U.S. ex rel. Janssen v. Northrop Grumman Corp., 187 F.3d 649 (1999). Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the courts need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." 187 F.3d 649 at *1 *citing* Hernandez v. City of El Monte, 138 F.3d393 398 (9th 1998) *quoting* Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Applying the foregoing factors in this case supports the action being taken. As to the first consideration, the public's interest in the expeditious resolution of litigation is served, not frustrated, by the action taken here as the repetitive actions coupled with the refusal to take required actions practiced by plaintiffs. Second, the court cannot efficiently manage a docket when there are cases such as this one that bring repetitive and fruitless motions and resist all

3

efforts to guide the case to resolution.  Third, there is no discernible prejudice to the defendants in bring this matter to a conclusion at this point since they have already succeeded in a Motion to Dismiss that spoke to the plaintiffs failures to adhere to the rules of procedure required in a federal court.  Fourth, the public policy favoring disposition of cases on their merits weighs against the action being taken but only on the surface level insofar as the continued pattern discussed here frustrated the efforts of the court to move the case to disposition on the merits. Finally, there is no potential for rectifying the problems raised by the plaintiffs' obstinancy insofar as monetary sanctions make no sense when dealing with pro ses appearing in forma pauperis and, in the absence of this action it appears obvious that the pattern would continue. This court warned plaintiffs that they risked dismissal by continuing the conduct and they chose to ignore the warning.  The court finds that four of the factors strongly favor the action recommended here and the fifth – less drastic alternatives – were not likely to accomplish the purposes of the Rule invoked here. This court will, therefore, recommend dismissal of the action.

*CONCLUSION*

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Entry of Default Judgment, ECF No. 22 is DENIED as frivolous and in violation of Federal Rule of Civil Procedure 55.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' Complaint should be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 41(b);

2. The Clerk of the Court should close this case;

3. No Certificate of Appealability should issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

| | |
|---|---|
| 1 | advised that failure to file objections within the specified time may waive the right to appeal the |
| 2 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 3 | Dated: April 23, 2018 |
| 4 | <div align="center"><u>/s/ Gregory G. Hollows</u><br>UNITED STATES MAGISTRATE JUDGE</div> |